UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2003-W5, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003,<br><br>    Plaintiff,<br><br>        v.<br><br>GARY BOYD, JACQUELINE J. BOYD, CURRENT SPOUSE OR CIVIL UNION PARTNER, IF ANY, OF GARY BOYD, CURRENT SPOUSE OR CIVIL UNION PARTNER, IF ANY, OF JACQUELINE J. BOYD, UNITED STATES OF AMERICA and UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>    Defendants. | Case No. 12-cv-714-JPG-PMF |

## **MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes.

The Court notes that there is no indication in the file that any defendant other than the United States has been served with process within 120 days after the complaint was filed on May 24, 2012, as required by Federal Rule of Civil Procedure 4(m), or after the case was removed to federal court on June 15, 2012. Nevertheless, the plaintiff has filed a motion for summary judgment seeking judgment against the unserved defendants (Doc. 22).

It further appears that the plaintiff did not provide and supplement its initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1) and (e) to disclose the name of the affiant providing the declaration in support of its summary judgment motion. Consequently, the United States has been prejudiced because it has been unable to depose a key witness in support of the plaintiff's case. The Court does not find the plaintiff's failure substantially justified by its failure to decide until March 2013 (the date the affidavit was signed) – and yet still not disclose to the

United States – which of many potential witnesses it would use.  The Court disregards the affidavit pursuant to Federal Rule of Civil Procedure 37(c)(1).

The Court further notes that no counsel appeared for the plaintiff at the June 6, 2013, Final Pretrial Conference set by the Court on October 1, 2012.  At the conference, the United States made a motion to dismiss this case for failure to prosecute in light of the above failings.  The Court granted the motion pursuant to Federal Rule of Civil Procedure 41(b), finding that the plaintiff had failed to obey a court order to appear for the Final Pretrial Conference and had failed to prosecute this case by failing to comply with discovery rules and by failing to appear.  The Court further dismissed the claims against the unserved defendants pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve in a timely manner.

For the foregoing reasons, the Court **DISMISSES** the claim involving the United States **with prejudice**, **DISMISSES** the claims involving the remaining defendants **without prejudice,** and **DIRECTS** the Clerk of Court to enter judgment accordingly.  The motion for summary judgment (Doc. 22) is **DENIED as moot** in light of this ruling and as failing to carry the burden of proving entitlement to judgment as a matter of law (Doc. 22).

**IT IS SO ORDERED.**
**DATED: June 6, 2013**

                                                  s/J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**