UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2003-W5, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003,<br><br>          Plaintiff,<br><br>              v.<br><br>GARY BOYD, JACQUELINE J. BOYD, CURRENT SPOUSE OR CIVIL UNION PARTNER, IF ANY, OF GARY BOYD, CURRENT SPOUSE OR CIVIL UNION PARTNER, IF ANY, OF JACQUELINE J. BOYD, UNITED STATES OF AMERICA and UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>          Defendants. | Case No. 12-cv-714-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Court's August 9, 2013, order for the plaintiff Deutsche Bank National Trust Company, As Trustee Of Argent Securities, Inc., Asset Backed Pass Through Certificates, Series 2003-W5, Under The Pooling And Servicing Agreement Dated As Of October 1, 2003 ("Deutsche Bank") to show cause why its claims as to the unserved defendants should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve process in a timely manner (Doc. 35).   Deutsche Bank has responded to the motion with evidence that defendants Gary Boyd and Jacqueline J. Boyd were served on June 5, 2012, before this case was removed from the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, to federal court (Doc. 35).   Evidence of that service was not filed in this case until Deutsche Bank's response, so it appeared from the record that they had not been served. Deutsche Bank has not submitted any evidence it has served the Unknown Owners or Non-Record Claimants.   The Court therefore **DISCHARGES** the order to show cause as it relates to

defendants Gary Boyd and Jacqueline J. Boyd, **DISMISSES** the claims as to the Unknown Owners and Non-Record Claimants without prejudice pursuant to Rule 4(m), and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

In its response to the order to show cause, Deutsche Bank also asks the Court to reconsider its decision to deny its motion for summary judgment.   In reviewing the file to decide whether to reconsider the Court's June 6, 2013, decision to deny Deutsche Bank's motion for summary judgment (Doc. 26) and the Court's July 31, 2013, decision not to reinstate the summary judgment motion when it vacated the judgment (Doc. 34), it has come to the Court's attention that the document attached to docket entry 26 is not the Memorandum and Order the Court signed on that date but is instead a second copy of the judgment entered at docket entry 29 and subsequently vacated.   The Court **DIRECTS** the Clerk of Court to **VACATE** docket entry 26 and to docket the proper June 6, 2013, Memorandum and Order using the original signature date.   The Court **RESERVES RULING** on the request to reconsider the denial of Deutsche Bank's summary judgment motion (Doc. 35).

**IT IS SO ORDERED.**
**DATED: August 20, 2013**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**