UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF ARGENT SECURITIES, INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2003-W5, UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF OCTOBER 1, 2003,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY BOYD, JACQUELINE J. BOYD, CURRENT SPOUSE OR CIVIL UNION PARTNER, IF ANY, OF GARY BOYD, CURRENT SPOUSE OR CIVIL UNION PARTNER, IF ANY, OF JACQUELINE J. BOYD, UNITED STATES OF AMERICA and UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>    Defendants. | Case No. 12-cv-714-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the stipulation for dismissal (Doc. 39) and unopposed motion to remand (Doc. 40) filed by plaintiff Deutsche Bank National Trust Company, As Trustee Of Argent Securities, Inc., Asset Backed Pass Through Certificates, Series 2003-W5, Under The Pooling And Servicing Agreement Dated As Of October 1, 2003 ("Deutsche Bank").

This case was originally filed in state court, but the United States removed it, relying on the Court's original jurisdiction over a claim against the United States, *see* 28 U.S.C. § 1442(a), and over a foreclosure action against the United States, *see* 28 U.S.C. § 1444. The claim involving the United States is the only claim in this case over which the Court has original jurisdiction. The Court had at the time of removal, and continues to have, jurisdiction over the remaining claims under 28 U.S.C. § 1367(a), which extends supplemental federal jurisdiction to all claims that are

sufficiently related to the claims on which original jurisdiction is based so as to be part of the same case or controversy.

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows dismissal by of a defendant by a plaintiff without a court order by filing a stipulation of dismissal signed by all parties who have appeared in this case. Therefore, the Court finds that the claim involving the United States is action is **DISMISSED with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

Further, since the claim involving the United States provided the sole basis for original federal jurisdiction, and since that claim has now been resolved, pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over the remaining claims. In deciding whether to decline jurisdiction over remaining claims when no original jurisdiction claims remain pending, a district court should consider judicial economy, convenience, fairness and comity. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Where a district court dismisses all claims over which it has original jurisdiction before trial, "the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright*, 29 F.3d at 1251). The Court has considered the relevant factors, including the fact that this case is in a very early stage, and has determined that remand is proper. Accordingly, the Court **GRANTS** Deutsche Bank's motion to remand this case to state court (Doc. 40).

The Court further:

- **FINDS** pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay in entry of judgment on the claim involving the United States;

- **DIRECTS** the Clerk of Court to enter a Rule 54(b) judgment dismissing the claims involving the United States and the Unknown Owners and Non-Record Claimants; and

- **REMANDS** the remainder of this case to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**
**DATED:   August 30, 2013**

                s/J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**